

Jonathan B. Woods, Debtor *pro se*
3930 East Cody Avenue
Gilbert, AZ 85234
(480) 232-0076

FILED
2012 OCT 17 PM 2:54
U.S. BANKRUPTCY CLERK
DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA (Phoenix)

| In re JONATHAN B. WOODS<br><br>Debtor | 2:12-bk-13564-SSC |
|---|---|
| JONATHAN B. WOODS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, LP, fka COUNTRYWIDE HOME LOANS SERVICING LP,<br><br>Defendants. | Adversary Proceeding No: 2:12-ap-01463-SSC<br><br>PLAINTIFF'S MOTION TO STRIKE — FRBP 7012 |

I received my service copy of Defendants' untitled document by mail.[1] I move this court to strike particular parts of it. In the alternative I move for a more definite statement according to what the court may allow.[2]

<u>This Motion is timely</u>

This motion is timely filed. I moved the court for an extension to file this and the court granted it.[3]

---

1 *See* docket #6, note the title on the docket is apparently the court clerk's guess
2 FRBP 7012(b) provides "Rule 12(b)–(i) F.R.Civ.P. applies in adversary proceedings." Motions for more definite statement are under FRCP 12(e)
3 Docket ##9, 11

Page 1 - PLAINTIFF'S MOTION TO STRIKE

## INTRODUCTION

FRCP 12(f) provides the court with the authority to strike **"an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter**. The court may act: . . . . . (2) **on motion made by a party either before responding to the pleading** . . . . ."[4]

## STRIKE PARTICULARS

**Page 2, lines 4½-7½:**

> The Adversary Complaint is devoid of any factual content ~~except to allege that the lender, Bank of America was not the "real party in interest to the deed in trust."~~[2] In other words it appears that the Debtor will be relying upon "show me the note" theories to contest a foreclosure that was already lawfully conducted.

**Grounds:** insufficient defense and scandalous matter.

Nowhere in my "ADVERSARIAL COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF" did I use the phrase "real party in interest to the deed in trust." Nor did I even hint, let alone "allege," that the lender, Bank of America was not the "real party in interest to the deed in trust."

Neither here, nor anywhere else in its document, do Defendants bother to counter what I thought was the clear statement of authority in my Complaint's

---

[4] **"immaterial** . . .*Cf.* IRRELEVANT"; **"impertinent** . . . See IRRELEVANT"; **"scandalous matter.** Civil procedure. A matter that is both grossly disgraceful (or defamatory) **and irrelevant to the action or defense**. . ." Black's Law Dictionary (8th ed. 2004), pages 764, 769, 1372 respectivly (my emphasis added to all quoted text in boldface unless otherwise noted)

Page 2 - PLAINTIFF'S MOTION TO STRIKE

opening paragraph:

> "I make this complaint to determine the validity or extent of Defendants' claims against my real property primarily under this court's jurisdiction pursuant to FRBP 7001(2) and (9)."

Rule 7001 expressly provides in its relevant parts:

**"The following are adversary proceedings:**

> "(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property .....
>
> "(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing ....."

Adversary proceedings are commenced with complaints.[5] Obviously then this is an adversary proceeding within the meeting of "TITLE 11—APPENDIX/ FEDERAL RULES OF BANKRUPTCY PROCEDURE AND OFFICIAL BANKRUPTCY FORMS."[6]

Finally for this particular, about "The Adversary Complaint is devoid of any factual content. . ." Defendants seem to not know what "declaratory" means.

**Page 2, lines 22½-23½ – page 3, lines 1-4½:**

> ~~Under ARCP 12(b)(6), in determining whether to grant a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the Plaintiffs allegations contained in the complaint and view them in a light most favorable to the Plaintiff, Scheuer v. Rhodes, 416 U.S. 232,236, 94 S.Ct. 1683,40 L.Ed.2d 90 (1974); Wileman Bros. & Elliott, Inc. v. Giannini, 909 F.2d 332, 334 (9th Cir. 1990); Shah v. County of Los Angeles, 797 F.2d 743, 745 (9th Cir. 1986).~~

**Grounds:** insufficient defense or immaterial/impertinent (irrelevant) matter.

---

5 *See* Rule 7003
6 Available to all online @ *http://uscode.house.gov/pdf/2011/2011usc11a.pdf*

Page 3 - PLAINTIFF'S MOTION TO STRIKE

FRBP 7012 applies to adversary proceedings, not state procedural rules. The caselaw cited appear to be all federal, none of them either on this Arizona procedural rule, nor from the bankruptcy adversarial procedure rules.

**Page 3, lines 12-20½:**

> ~~A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Balistreri, 901 F.2d at 699; Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). Dismissal is warranted if the complaint fails to set forth "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Further, the factual allegations set forth must be enough to raise a right to relief above the speculative level; a pleading that creates only a suspicion of a cause of action is not enough. Bell Atlantic Corp., 550 U.S. at 555.~~

**Grounds:** insufficient defense or immaterial/impertinent (irrelevant) matter. Again, Defendants have completely ignored this is a bankruptcy adversary proceeding, not a garden variety civil case. This is evident from the fact Defendants document did not cite **any** rule whatsoever from FRBP 7001 *et seq.*[7]

**Page 5, lines 3-16½:**

> ~~B. Woods Was In Default and Cannot Contest the Trustee's Sale~~
>
> ~~Woods Complaint does not contest the fact that he was in default per the terms of his deed of trust and his bankruptcy filing would seem to confirm that fact. Two recently decided cases are fatal to Wood's claims. The Ninth Circuit's opinion in Cervantes v. Countrywide Home Loans, 656 F. 3d 1034 (9th Cir.), 2011 reiterated the rule that no Arizona state court has recognized a claim for Wrongful Foreclosure. Next that Court in reviewing case law from other jurisdictions stated that "to the extent that such a cause of action is~~

---

7 Except in its Exhibit 3/Exhibit A, and that was my "DEBTOR'S FIRST OBJECTIONS TO RELIEF FROM STAY" from the case record

Page 4 - PLAINTIFF'S MOTION TO STRIKE

~~permitted in non-judicial foreclosure regimes a necessary allegation would be that the plaintiff was not in default under their deed of trust or mortgage.", Id. The Arizona Supreme Court in Hogan v. Washington Mutual Bank, 277 P.3d 781 (Ariz. 2012) recently affirmed the trial court's dismissal of a "Wrongful Foreclosure" claim on "show-me-the note theories where there was not any allegation that the plaintiff was not in default", Id.~~

**Grounds:** insufficient defense or immaterial/impertinent matter.

Here Defendants again proved their ignorance of both adversary and declaratory proceedings. An adversary proceeding is "A lawsuit that is brought within a bankruptcy proceeding, governed by special procedural rules, and based on conflicting claims . . ."[8] A declaratory judgment is "A binding adjudication that establishes the rights and other legal relations of the parties without providing for or ordering enforcement."[9] Because FRBP 7001(9) expressly provides for a declaratory judgment within this adversary proceeding, and because my adversary complaint expressly seeks a declaratory judgment from this court, Defendants' defense is insufficient and/or irrelevant.

Defendants cited two cases for supporting authority, averring them to be "fatal" to my claim. Defendants again show their ignorance.

*Cervantes* was not a bankruptcy case and would have limited if any relevance here. *Hogan* is not only a different matter, but it backfires on Defendants. It has direct relevance here to the point of dictating the outcome.[10] Defendants chose to

---

8 Black's Law Dictionary (8th ed. 2004), page 58
9 Same Black's, page 859
10 *See Ticknor v. Choice Hotels International, Inc.*, 265 F.3d 931, 939 (9th Cir.

Page 5 - PLAINTIFF'S MOTION TO STRIKE

use the wrong part of *Hogan* in their attempt to influence the outcome of these proceedings. Defendant's completely ignored, and evidently would have the court overlook, *Hogan's* ¶6:

> **"Hogan argues that a deed of trust, like a mortgage, "may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures."** Restatement (Third) of Prop.: Mortgages § 5.4(c) (1997); *see Hill v. Favour*, 52 Ariz. 561, 568-69, 84 P.2d 575, 578 (1938). **We agree."**

*Hogan* supports what our own late Professor Chester Smith stated so well: "The note is the cow and the mortgage the tail. The cow can survive without the tail, but the tail cannot survive without the cow."[11]

**Page 5, lines 17-19½:**

~~III. CONCLUSION~~

~~The Adversary Complaint fails to state a claim for which relief can be granted and should be dismissed pursuant to F.R.C.P. 12 (b) (6) with prejudice.~~

**Grounds:** insufficient defense or immaterial/impertinent matter, for all the reasons, points and particulars discussed above.

RELIEF REQUESTED

This court's finding the above designated parts of Defendants' untitled document to be insufficient defenses and/or immaterial and/or impertinent, and its

---

2001): "Federal courts are bound by pronouncements of the state's highest court on applicable state law."
11 The late Professor Chester Smith of the University of Arizona College of Law, as cited in Restatement (Third) of Property, Mortgages § 5.4, Reporters' Notes; *see also Best Fertilizers of Ariz., Inc. v. Burns*, 571 P.2d 675, 676 (1977), *rev'd on other grounds*, 570 P.2d 179 (1977)

Order striking those parts.

I remind the court according to FRBP 7012 and FRCP 12(f), I have not yet submitted my response to Defendants' untitled document.

I make this motion in good faith and not for any improper purpose whatsoever, such as needless delay or extra expense. I expressly reserve the right to amend or supplement this Motion if I believe it is needed.

I also reserve my right to have the court construe this paper according to FRBP 1001 and 7008(a) by its inclusion of FRCP 8(e).

CERTIFICATE OF SERVICE: I certify that on this date I did serve a true copy of this Motion on Defendants' attorneys of record by mail.

*Submitted with all rights reserved on October* 17 *, 2012*

Jonathan B. Woods, Debtor *pro se*

Page 7 - PLAINTIFF'S MOTION TO STRIKE