Jonathan B. Woods, Debtor/Plaintiff *pro se*
3930 East Cody Avenue
Gilbert, AZ 85234
(480) 232-0076



## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA (Phoenix)

| | |
|---|---|
| In re JONATHAN B. WOODS<br><br>                    Debtor | 2:12-bk-13564-SSC |
| JONATHAN B. WOODS,<br><br>                    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., as<br>successor by merger to BAC HOME<br>LOANS SERVICING, LP, fka<br>COUNTRYWIDE HOME LOANS<br>SERVICING LP,<br><br>                   Defendants. | Adversary Proceeding No:<br>2:12-ap-01463-SSC<br><br>*Motion to Set Aside Dismissal Order and Reopen Adversary Case*<br>PLAINTIFF'S MOTION FOR RELIEF<br>FROM ORDER – FRBP 9024<br><br>*No oral argument requested* |

I move this court for relief from its Order in its entirety.[1] I base this motion

on FRBP 9024,[2] the case record and what follows here.

My sole ground for this motion invokes FRCP 60(b)(3), (4) and (6), and that is

this court has entered a final order when the law of this proceeding expressly

forbids it to do so. I briefed this court thoroughly on this point in my "Points And

Authorities For 2/26 Hearing .[3] Evidently it must be repeated here:

1 *See* docket #20
2 FRBP 9024 expressly provides "Rule 60 F.R.Civ.P. applies in cases under the
Code. . ."
3 Docket #14

Page 1 - PLAINTIFF'S MOTION FOR RELIEF FROM ORDER

"<u>Defendant has failed to comply with the Rules of Adversarial Procedure</u>

"Despite the fact Defendant filed and served that untitled document and I timely filed and served my motion to strike more than four months ago, Defendant has neither opposed my motion nor corrected its flaws. Worse is its "motion's" most fatal flaw, Defendant failed to admit or deny my Complaint's allegation this is a core proceeding. This is required by the Rule 7012(b): "**A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core.**"

"The annotation to this Rule explains the importance of Defendant's omission and its impact on the court:

"NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

"The amendment to subdivision (b) requires a response to the allegation that the proceeding is core or noncore. **A final order of judgment may not be entered in a non-core proceeding heard by a bankruptcy judge unless all parties expressly consent. 28 U.S.C. § 157(c).**"

Accordingly, and because whether or not this is a core or non-core proceeding is still a question the record has not answered, I expressly do not consent to this court's entry of its Order.

SUMMARY

Clearly this court ignored the mandate Defendants were required to either consent or deny the "core or non-core" nature of these proceedings in their responsive pleading. That this court put its thumb on the scales of justice and bootstrapped that non-existent consent into its Order makes it inequitable, without

Page 2 - PLAINTIFF'S MOTION FOR RELIEF FROM ORDER

jurisdiction, and void for the purposes of FRCP 60(b)(4).[4] Because there is a final

Order entered, and that Order is based on clear error, it is void as a matter of law.

Black's Law Dictionary defines a void judgment as:

> **"A judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally.** • From its inception, a void judgment continues to be absolutely null. It is incapable of being confirmed, ratified, or enforced in any manner or to any degree."[5]

This motion also invokes FRCP 60(3) "fraud (whether previously called

intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," I

have explained on the case record how flawed Defendants' submissions to the court

are. I add here Defendants and this court completely ignored the FRBP 7007.1

requirement for that corporate disclosure be filed with its first submission.

For this point I also add from the court's own minutes about the requirement

for the trustee to be included in these proceedings:[6]

> "Mr. Lieske states that the trustee does not have an interest in the matter and will waive any notice on this matter."

Despite what Mr. Lieske told the court then, the trustee is the representative

---

4 "bootstrap . . .To reach an unsupported conclusion from questionable premises." - Black's Law Dictionary, Eighth Edition, page 195
5 Black's Eighth Edition again, page 861; *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980): "A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere." My emphasis added to the quoted text is in boldface
6 Docket #16

of the estate.[7] It's a matter of record the property which is the subject matter of this adversary proceeding is part of this bankruptcy estate. Therefore the assigned Trustee has fraudulently misrepresented his necessary role in this matter and is a party of interest for the purposes of FRBP 7017.

I reserve FRCP 60(b)(6) "any other reason that justifies relief" and will invoke it as found applicable in the due course of these proceedings. If the court finds against me on any of these FRCP 60 factors, the law still supports me that the recent Order must be voided as a matter of law and equity. I reserve my rights under this subsection to provide additional particulars through amendment or supplement, including 60(d)'s "OTHER POWERS TO GRANT RELIEF." That will surely include 60(d)(3)'s "fraud on the court" with the active assistance of this judge!

This court plainly ignored the law forbidding it to do what it did, although it was sufficiently briefed on the point. For all the fatal flaws in Defendant's motion to dismiss, this court actively ran interference for them. For that alone the Order should be voided.

Despite its dismissal "with prejudice and without the right to amend or replead," the threshold question of Defendants' standing regarding my home is still unanswered by this court. As the Ninth Circuit Court put it last week in

---

7 See *California State Board Equalization v. Sierra Summit,* 490 U.S. 844, 849 (1989): "The bankruptcy trustee is "the representative of the estate [of the debtor]," 11 U. S. C. § 323(a); *cf. Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343 (1985). . ."

Page 4 - PLAINTIFF'S MOTION FOR RELIEF FROM ORDER

*Righthaven LLC v. Hoehn*, No. 11-16751 (May 9, 2013):

> "Abraham Lincoln told a story about a lawyer who tried to establish that a calf had five legs by calling its tail a leg. But the calf had only four legs, Lincoln observed, because calling a tail a leg does not make it so."

Instead of righteously calling for the original instruments to be produced before it for adversarial challenge, and to clarify and relieve the parties once and for all who were the real parties thereto, then declare all parties' rights accordingly, this court arbitrarily and capriciously, and once again, gave life to the tail. I am entitled to relief.

### RELIEF REQUESTED

The court's order on this motion and on just terms[8] to relieve me of its Order docketed as #20, and to do the justice demanded by the *real* law of these proceedings!

I make this inartful motion in good faith and not for any improper purpose whatsoever, such as needless delay or extra expense. I expressly reserve the right to amend or supplement this Motion if I believe it is needed.

I also reserve my right to have the court construe this paper according to FRBP 1001 and 7008(a) by its inclusion of FRCP 8(e).

*Submitted with all rights reserved on May ~~15,~~ 23 2013*

Jonathan B. Woods, Debtor/Plaintiff *pro se*

---

8 "Just" is defined as "Legally right; lawful; equitable." - Black's Eighth, page 880

CERTIFICATE OF SERVICE: I certify that on this date I did serve a true copy of this Motion on the trustee and Defendants' attorneys of record by mail.

*Submitted with all rights reserved on May 23, 2013*

Jonathan B. Woods, Debtor/Plaintiff *pro se*

Page 6 - PLAINTIFF'S MOTION FOR RELIEF FROM ORDER