Jonathan B. Woods, Debtor/Plaintiff *pro se*
3930 East Cody Avenue
Gilbert, AZ 85234
(480) 232-0076

FILED
2013 JUL -1 AM 9: 38
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA (Phoenix)

| | |
|---|---|
| In re JONATHAN B. WOODS, Debtor | 2:12-bk-13564-SSC |
| JONATHAN B. WOODS, Plaintiff, v. BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, LP, fka COUNTRYWIDE HOME LOANS SERVICING LP, Defendants. | Adversary Proceeding No: 2:12-ap-01463-SSC  PLAINTIFF'S REPLY SUPPORTING MOTION FOR RELIEF FROM ORDER – FRBP 9024  *No oral argument requested* |

I have received my service copy of "BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL ORDER AND REOPEN ADVERSARY CASE" by regular mail.[1]

This Reply should be considered as timely filed and served. There is nothing mentioned on the docket entry of a due date, and I see no deadline imposed by the Rules for Adversary Procedure.

*About* "Plaintiff's Adversary failed to state a valid cause of action"

I thoroughly explained this in both my Motion to Strike *last October* on page 5, and my hearing points and authorities last February, beginning on page 3 under my heading "The Rules of Adversarial Procedure expressly allow this declaratory

---

1 *See* docket #24

Page 1 - PLAINTIFF'S REPLY

process."[2] All I add here is from FRBP 7001's "NOTES OF ADVISORY COMMITTEE ON RULES—1983": "Declaratory judgments with respect to the subject matter of the various adversary proceedings are also adversary proceedings."

Clearly the problem here is Defendants' willful ignorance of both the nature of this adversary and declaratory proceedings. This is not my problem and Defendants should not be allowed to infect this court with their blatant disregard of the applicable laws and rules!

*About* "1. This Court has jurisdiction to enter a final order adjudicating this Adversary"

On the assumption Defendants attempted to say "this Adversary Proceeding," I have previously raised several points concerning Defendants' complete disregard for the procedural rules of this proceeding.[3] Under my heading "Defendant has failed to comply with the Rules of Adversarial Procedure" I raised the main point of how Defendant failed to consent to this being a core proceeding. Despite changing law firms Defendant have *still* failed to address this issue of consent.

Defendants' Response said under this heading just because I filed my Complaint here "Plaintiff consented to this Court's entry of a final judgment in this matter." Defendants then said:

> "*See e.g. Executive Benefits Insurance Agency v. Arkinson (In re Billingham Insurance Agency, Inc.)*, 702 F.3d 553, 568 (9th Cir. 2012) (finding a party consented to the bankruptcy court's jurisdiction by opting to litigate before the bankruptcy court). The Ninth Circuit has held that consent permits non-Article III judges to finally decide both core and non-core proceedings under Title 11 of the United States Code. *Arkinson*, 702 F.3d at 568."

---

2 Docket ##12 and 14
3 *See* docket #12, page 4, pointing to their motion's use of *state* procedural rules for dismissal, not federal; and to Docket #14, beginning on page 2 under my heading "Defendant has failed to comply with the Rules of Adversarial Procedure"

Page 2 - PLAINTIFF'S REPLY

First, the case was *In re **Bellingham** Insurance Agency, Inc.*"[4]

Second, Defendants are being willfully ignorant *again*. It's not my consent that's at issue here, it's *Defendant's* failure to consent in their "responsive pleading." As I have explained in my "Plaintiff's Points And Authorities For 2/26 Hearing":[5]

> "Despite the fact Defendant filed and served that untitled document and I timely filed and served my motion to strike more than four months ago, Defendant has neither opposed my motion nor corrected its flaws. Worse is its "motion's" most fatal flaw, **Defendant failed to admit or deny my Complaint's allegation this is a core proceeding. This is required by the Rule 7012(b): "A responsive pleading shall admit or deny an allegation that the proceeding is core or noncore."**

> "The annotation to this Rule explains the importance of Defendant's omission and its impact on the court:

> "NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

>> **"The amendment to subdivision (b) requires a response to the allegation that the proceeding is core or noncore. A final order of judgment may not be entered in a noncore proceeding heard by a bankruptcy judge unless all parties expressly consent. 28 U.S.C. § 157(c)."**

Black's Law Dictionary defines "jurisdiction" as "A court's power to decide a case or issue a decree."[6] My point *again* is without that required consent from *all* parties this court clearly lacks jurisdiction to enter *any* final order or judgment.

### *About* "2. No opposing party engaged in fraud, misrepresentations, or fraud in this Adversary"

Defendants said:

---

4 My added emphasis in all quoted text is in boldface unless I note otherwise
5 Docket #14, beginning on page 2 under "Defendant has failed to comply with the Rules of Adversarial Procedure"
6 Eighth Edition, page 867

Page 3 - PLAINTIFF'S REPLY

"Plaintiff appears to disagree with the Trustee's position that the Trustee has no interest in this matter; however, disagreement with a party's position does not render the position fraudulent. Plaintiff has not identified any statements of fact made by any party, which have been relied upon by this Court, that were knowingly false."

I have nothing more to say at this time about "the Trustee's position." I have preserved that point for appeal.

I believe my complaint plainly sought the instruments creating this controversy between Defendant and me be brought before this court and certain declarations be made thereon. This is not an alien concept to Arizona courts. A fine example is found in *Burke v. Gottfried*, 7 Ariz. App. 96, 98 (1968):[7]

> **"The proper method of procedure in a case like the one at bar is for the plaintiff to produce the note, prove the indorsements and the making of the note, and rest, thereby establishing a prima facie case, and for the time being his own title and right to recover, and the defendant's liability. The defendant should then be permitted to prove his defense * * * if he can * * *.**
>
> "The burden is upon the defendant to establish any affirmative defense pleaded in that situation."

I identified the roots of fraud in my Motion to Strike, which Defendants has not bothered to counter, nor has this court bothered to rule on.[8] In that motion I cited *Hogan v. Washington Mutual Bank*, 277 P.3d 781 (Ariz. 2012):

> **"Hogan argues that a deed of trust, like a mortgage, "may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures."** Restatement (Third) of Prop.: Mortgages § 5.4(c) (1997); *see Hill v. Favour*, 52 Ariz. 561, 568-69, 84 P.2d 575, 578 (1938). **We agree."**

So far Defendants' gamesmanship with the court's blessing has served them

---

7 Citations omitted
8 Docket #12

Page 4 - PLAINTIFF'S REPLY

well. No court so far has required them to produce more than a *prima facie* case that they are or were entitled to enforce that deed of trust.[9] Defendants have not been required to prove this according to the *Hogan* standard. Neither did Defendants offer anything here to even hint of their intent to so prove.

Back to "fraud," it is defined in this case's context as "A knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment" or "A misrepresentation made recklessly without belief in its truth to induce another person to act."[10] I believe both will apply here once all their cards on the table. In the very least Defendants have acted in bad faith with me in the matter of this foreclosure in violation of Arizona law.[11]

The Ninth Circuit explained declaratory proceedings long ago in *McGrawEdison v. Preformed Line Products*, 362 F2d 339, 341 (9th Cir. 1966), *cert. denied*, 385 U.S. 919 (1966):

> "**The two principal criteria guiding the policy in favor of rendering declaratory judgments** are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."

As *McGrawEdison* shows, the judgment my amended complaint seeks will serve the useful purpose of (1) clarifying and settling the legal relations in issue, then (2) "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."

I put this matter before the court by attaching the only copies of the debt and security instruments available to me for its declaration to clarify and settle those

---

9 "Sufficient to establish a fact or raise a presumption **unless disproved or rebutted**" – same Black's, page 1228
10 Same Black's again, page 685
11 ARS 47-1304; *see also* ARS 47-1201(B)(20): "Good faith" means honesty in fact in the conduct or transaction concerned."

Page 5 - PLAINTIFF'S REPLY

legal relations between Defendants and me.[12] If the court would get to the job according to the laws and rules I've constantly raised and so declare, it would indeed terminate and afford relief from the uncertainty, insecurity, and the controversy giving rise to this proceeding. Until the originals of those instruments are brought before this court in full and fair hearings, and subjected to adversarial examination, and the court has made the declaration, that cannot happen.

### About "3. No other equitable or legal grounds support setting aside the dismissal order"

For this point, "no other" should be construed as I have already briefed this court with more than it needs to set aside the dismissal order. The real question to be asked here is does this court have the will and integrity to obey those laws, rules and precedent to do so?

### SUMMARY

In the face of these authorities I put before the court last February, *and repeated verbatim in the very motion these Defendant's Response addressed,* the fact Defendants have failed to counter *any* of them at *any* time I would think must be interpreted as them *again* just going through the motions, doing the minimum for what they wish the court to buy into, that losing my home to them is a foregone conclusion the court must support.

Congress gave all debtors like me the right to commence adversary proceedings like this, including the option of taking the declaratory route. All bankruptcy law must be construed liberally to accord debtors the full measure of the relief afforded by Congress.[13] This court is *not* free to ignore them in support of

---

12 *See* my Complaint's ¶2(D)
13 *See* Wright v. Union Central life Insurance Company, 311 U.S. 273, 279 (1940): "...the Act must be liberally construed to give the debtor the full measure of the relief afforded by Congress, lest its benefits be frittered away by narrow formalistic interpretations which disregard the spirit and the letter of the Act." (citations

Page 6 - PLAINTIFF'S REPLY

their fellow Bar members.[14]

I have a substantive right to stay in my home[15] and this court is bound to protect that right if it is to be in accordance with the Rules Enabling Act.[16] Defendants are instead steering this court do what that Act forbids, to use federal procedural law as an excuse for abridging my substantive rights.[17]

My motion moved for this court's order on just terms[18] "to relieve me of its Order docketed as #20, and to do the justice demanded by the *real* law of these proceedings!" I expect the court to do just that.

I also reserve my right to have the court construe this paper according to FRBP 1001 and 7008(a) by its inclusion of FRCP 8(e).

*Submitted with all rights reserved on July 1, 2013*

*[signature]*

Jonathan B. Woods, Debtor/Plaintiff *pro se*

---

omitted)

14 *See* FRBP 1001: "The Bankruptcy Rules. . .govern procedure in cases under title 11 of the United States Code. . .**These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.**"
15 *See Thatcher v. Powell*, 19 U.S. (6 Wheat.) 119, 123 (1821): "That no individual or public officer can sell, and convey a good title to, the land of another, unless authorized so to do by express law, is one of those self-evident propositions to which the mind assents, without hesitation; and that the person invested with such a power must pursue with precision the course prescribed by law, or his act is invalid, is a principle which has been repeatedly recognized in this court."
16 28 U.S.C.A. § 2072(b) requires that federal procedural rules "not abridge, enlarge or modify any substantive right"
17 "A right that can be protected or enforced by law; a right of substance rather than form." - same Black's, page 1349
18 "Just" is defined as "Legally right; lawful; equitable." - same Black's, page 880

Page 7 - PLAINTIFF'S REPLY

CERTIFICATE OF SERVICE: I certify that on this date I did serve a true copy of this Reply on the trustee and Defendants' attorneys of record by mail.

Submitted with all rights reserved on July 1, 2013

*[signature]*

Jonathan B. Woods, Debtor/Plaintiff *pro se*

Page 8 - PLAINTIFF'S REPLY