```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF ARIZONA
```

_____   )
                                         )
In re:                                   )
                                         )
JONATHAN B WOODS            CH: 13       )    2:12-BK-13564-SSC
                                         )
JONATHAN B WOODS vs BANK OF AMERICA,     )    ADV: 2-12-01463
N.A. AS SUCCESSOR BY MER                 )
                                         )
DECISION ON THE RECORD RE MOTION TO      )
DISMISS                                  )
_____   )

                                    U.S. Bankruptcy Court
                                    230 N. First Avenue, Suite 101
                                    Phoenix, AZ 85003-1706

                                    April 18, 2013
                                    1:31 p.m.


        BEFORE THE HONORABLE SARAH SHARER CURLEY, Judge










Proceedings recorded by electronic sound technician, Andamo
Purvis; transcript produced by AVTranz.

**AVTranz**
www.avtranz.com · (800) 257-0885

1    THE COURT: Okay. The Court will go forward at this
2 time and render its decision on the motion to dismiss the
3 adversary complaint. This is specifically in the Jonathan
4 Woods case, and I am specifically referring to Adversary Number
5 12-1463.
6    The Court heard the motion to dismiss on February
7 26th, 2013. The actual motion to dismiss was filed by the
8 Defendants in the adversary proceeding, specifically Bank of
9 America, N.A., as successor by merger to BAC Home Loan
10 Servicing, LP, formerly known as Countrywide Home Loan
11 Servicing, LP.
12    As a part of my decision today, I will also focus on
13 the motion to strike filed by the Plaintiff that was discussed
14 by the Court on February 26th.
15    The Court notes that it has jurisdiction over this
16 matter and that this is a core proceeding pursuant to 28 U.S.C.
17 §§ 1334 and 157. To the extent necessary, the Court is setting
18 forth its findings of fact and conclusions of law pursuant to
19 Bankruptcy Rule 70562.
20    Now, as a part of the procedural analysis, let me
21 focus on the fact that the Plaintiff had filed a motion to
22 strike the Defendant's motion to dismiss the adversary
23 proceeding. The Court also notes that the Plaintiff did not
24 file a response to the underlying motion to dismiss.
25    So what the Court did as a part of the February 26th

1 hearing is discussed the issue with the Plaintiff, note that
2 the Plaintiff had not filed a response to the motion to
3 dismiss, and then notified the Plaintiff that the motion to
4 strike would be considered by the Court as a response to the
5 motion to dismiss.
6 　　　　　I also note that the Plaintiff filed what would be
7 described as a statement of points and authorities.  That was
8 filed with the Court on February 26th, just prior to the
9 hearing.
10 　　　　　So I will note, as a part of my decision, I have
11 reviewed that document filed by the Plaintiff, and I will
12 consider the analysis of the Plaintiff in that document as part
13 of the Plaintiff's response to the motion to dismiss with
14 prejudice.
15 　　　　　I should also note that although the Plaintiff wanted
16 to strike the motion to dismiss with prejudice, the Court did
17 review the underlying motion filed by the Defendant and noted
18 that the pleading itself was sufficient for the Court to go
19 forward and hear the dispute between the parties and, of
20 course, today for the Court ultimately to render its decision
21 on the matter.
22 　　　　　Now, let me also note that at the particular hearing
23 the Court walked through a number of points with the Plaintiff.
24 For instance, the Court discussed with the Plaintiff whether
25 the Plaintiff had been in default under the underlying loan

1  that was referred to by the Plaintiff in the adversary
2  proceeding.  And the Plaintiff did concede that at one point in
3  time he was in default under the loan and that his default
4  ultimately led to a notice of a trustee sale, and ultimately a
5  trustee sale of his residence.
6            I also discussed with the Plaintiff whether there was
7  anything to indicate that there was some kind of lack of due
8  process in the underlying noticing of the Trustee's sale, et
9  cetera, and the Plaintiff did not have any factual predicate to
10 focus on this fundamental lack of due process.  The Plaintiff
11 did not discuss it as a part of the hearing.
12           So in my analysis, what I will do is walk through
13 what the underlying complaint focuses on, what the underlying
14 documents reflect, and then ultimately the Court's decision in
15 this matter.
16           Of course, the Court reviewed the complaint filed by
17 the Plaintiff, and that particular complaint focuses on
18 declaratory judgment and injunctive relief.  However, in
19 reviewing the underlying complaint, there really are not any
20 facts set forth concerning those particular claims that the
21 Plaintiff wishes to advance.
22           For instance, if there's a particular problem with
23 the lien and the Plaintiff wants to avoid the lien, the
24 Plaintiff would normally refer to the document creating the
25 lien or the Plaintiff would normally refer to an unrecorded

1 document, but there would be some statement of facts that the
2 Court could take a look at and then ultimately, using those
3 facts, determine whether the Plaintiff had any claim against
4 the Defendant. So my first concern in reviewing the complaint
5 is simply it doesn't really contain any facts. It doesn't
6 really set out a dispute between the parties.

7 In reviewing the motion to dismiss, I did see some
8 documents that were relevant to potentially a dispute between
9 the parties. For instance, in reviewing the motion to dismiss,
10 I note that there is the promissory note that was entered into
11 between the Plaintiff and the then lender, Taylor, Bean &
12 Whitaker. That promissory note was apparently executed by the
13 Plaintiff in July of 2008, and it refers to the particular
14 lender providing the Plaintiff with a loan in the amount of
15 $235,480.

16 For purpose of the record, the Plaintiff does not
17 dispute that that loan indeed was given to him. The loan did
18 close, and he did receive those funds to move forward with the
19 purchase of a residence.

20 I also note that the motion to dismiss includes the
21 deed of trust. Again, Taylor, Bean & Whitaker is indicated as
22 the lender, and the particular deed of trust was recorded with
23 the Maricopa County Recorder on August 5th, 2008, so shortly
24 after the loan was provided to the Plaintiff.

25 The aforesaid documents also refer to a property in

1  Gilbert, Arizona, and the Plaintiff does state in his
2  underlying complaint that he is attempting to move forward and
3  challenge the lien of the Defendants that basically focuses on
4  his residence.  So, again, we know that we're talking about
5  those documents, that loan, that lien on his residence.
6        Now, if we go forward then and take a look at some
7  additional documents presented as a part of the motion to
8  dismiss, I note that there is an Exhibit 2, which is the
9  Trustee's deed upon sale.  This particular document basically
10 focuses on ReconTrust Company as being the party moving forward
11 with the sale.
12       Apparently, the party that was involved in the sale
13 is BAC Home Loan Servicing, and it appears as if BAC Home Loan
14 Servicing came in and actually presented a credit bid at the
15 time of the Trustee's sale.  The credit bid by BAC Home Loan
16 Servicing was in the amount of $258,204.27.
17       The Trustee's deed upon sale, therefore, reflects
18 that a trustee sale did occur, that that trustee sale concerned
19 the Debtor's residence.
20       At that particular trustee sale, BAC Home Loan
21 Servicing came in and presented a credit bit and ultimately was
22 the purchaser of the Debtor's residence.
23       Looking at the bottom of the document, I'm basically
24 looking to see when it was executed.  It appears that it was
25 executed around February 17th, 2010.

1        So we now have a trustee's deed upon sale reflecting
2   that the Debtor's residence was sold, and we also know that
3   that particular sale occurred prior to the Debtor filing his
4   bankruptcy proceeding.  It appears as if the Debtor filed his
5   Chapter 13 bankruptcy proceeding in 2012.
6        So we have a pre-petition trustee sale of the
7   Debtor's residence.  That particular sale occurred well before
8   the filing of the bankruptcy petition, and there is no
9   indication in the record that some kind of an injunction or
10  other type of relief was accorded to the Plaintiff, from the
11  state court prior to the Debtor filing his bankruptcy
12  proceeding.
13       Now, taking a look at those particular facts, the
14  Court must first take a look at Arizona law and determine the
15  effect of a pre-petition Trustee's sale of the Debtor's
16  residence where no injunction -- no kind of relief was obtained
17  by the state court.
18       The Court has reviewed A.R.S. 33-811(C).  That
19  particular statutory provision requires that the borrower, in
20  this case the Debtor, obtain injunctive relief prior to the
21  Trustee's sale of the property, or the borrower's, in this case
22  the Debtor's, defenses will be waived.
23       Thus, if there was any kind of improper procedure
24  followed under Arizona law prior to the Trustee's sale, or if
25  there was a situation that the Debtor was not in default under

1 the underlying loan or loan documents, or if the lender had not
2 properly perfected its security interest or lien in the
3 property, those types of claims should have been asserted in
4 the state court proceedings prior to the Trustee's sale in
5 2010.

6 This Court has reviewed the documents filed by the
7 parties and, again, there is no kind of injunction or other
8 type of relief that was obtained by the Debtor prior to the
9 Trustee's sale and, as I've indicated, a substantial period of
10 time passed even before the Debtor filed his bankruptcy
11 petition.

12 So on this record, just looking at Arizona Revised
13 Statutes 33-811(C), I would have to conclude that whatever
14 concerns, whatever basis the Debtor Plaintiff had to set aside
15 the BAC home loans or Bank of America lien, whatever bases the
16 Debtor had to pursue these issues has now been waived, because
17 of the Debtor's failure to proceed under Arizona law prior to
18 the filing of his bankruptcy petition.

19 I note that the Arizona District Court has taken a
20 careful look at this particular provision of the Arizona
21 statutes and has, for instance, concluded that A.R.S. 33-811(C)
22 is constitutional. So, again, there is no way for the Court to
23 step in and somehow say that that particular Arizona statute
24 does not apply to this situation.

25 I would also note that taking a look at the case that

1  has focused on whether or not the statute is constitutional, I
2  refer the parties to Coleman v. American Home Mortgage
3  Servicing, at 2010 W.L. 1268141, an Arizona District Court
4  decision from March 30th, 2010, which focuses on the
5  constitutionality of that particular Arizona statute.
6      The particular case also focuses on the fact that if
7  one has a concern about a lien on a particular residence,
8  that that particular individual needs to proceed with that
9  statute or the individual will basically be barred subsequently
10 from pursuing any claims against the lender in the Arizona
11 court.
12     So Coleman also talks about those issues, focuses on
13 those issues, and notes that these claims, as presented by a
14 borrower may be barred if, in fact, the borrower does not
15 proceed as provided by Arizona law.
16     I also cite the parties to the Spielman v. Katz
17 decision, at 2010 W.L. 4038838, from October 14th, 2010, that
18 walks through similar issues.  That decision notes, for
19 instance, that if a particular borrower wishes to step in and
20 even file a complaint trying to set aside a lien, that that
21 particular party must plead with a sufficient amount of
22 specificity as provided by Rule 8 of the Federal Rules of Civil
23 Procedure.
24     And, of course, Spielman cites the parties to Bell
25 Atlantic Corporation v. Twombly, at 550 U.S. 544, 127 S.Ct.

1955 (2007) decision of the United States Supreme Court, as well as Ashcroft v. Iqbal, at 129 S.Ct. 1937 (2009) decision of the United States Supreme Court.

So, again, returning to the particular complaint that I have in this matter, I could use the Spielman decision as a basis to dismiss the complaint with prejudice, because, again, there really are insufficient facts that are pled in the document, which would allow me to proceed.

Spielman also focuses on A.R.S. § 33-811(C), and then once again confirms a ruling in Coleman and talks about the issues that must be asserted by a Plaintiff if the Plaintiff wishes to move forward and question a particular lien on real property.

Once again, Spielman focuses on the fact that if a particular borrower/debtor/plaintiff does not proceed under Arizona law and get some kind of injunctive relief prior to the Trustee's sale of the real property, that that particular borrower, debtor, or plaintiff will lose those particular claims that could subsequently be asserted.

So, once again, I return to this particular case. This particular Plaintiff did not get injunctive relief prior to the Trustee's sale. A.R.S. 33-811(C), now bars the Plaintiff from coming into this Court and questioning the particular lien or Trustee's sale of Bank of America as the Defendant herein.

1  So from the Court's basis, after looking at the
2  complaint filed by the Plaintiff, the motion to strike filed by
3  the Plaintiff, the points and authorities filed by the
4  Plaintiff, and the motion to dismiss filed by Bank of America
5  as successor by merger to a number of parties, the Court
6  concludes that there is no basis for the Plaintiff to proceed
7  in this particular adversary proceeding.
8  In this case, the Plaintiff concedes that he was in
9  default under the various loans or loan provided to him, the
10 Plaintiff concedes that there was noticing of the Trustee's
11 sale that occurred pre-petition, the Plaintiff concedes that
12 there was a Trustee sale of his residence that occurred
13 pre-petition.
14 Because the Plaintiff did not get any relief from the
15 state court pursuant to Arizona law prior to the Trustee's
16 sale, the Court sees no basis at this point to proceed with any
17 kind of claim that the Plaintiff would want to assert to avoid
18 the lien or for declaratory relief as set forth in the
19 Plaintiff's complaint.
20 Because the Trustee's sale occurred well prior to the
21 filing of this bankruptcy petition, the Court sees no basis to
22 proceed.
23 Based upon the foregoing, this Court must grant the
24 Defendant's motion to dismiss this case with prejudice.
25 The particular Defendant may go ahead and upload an

1  order, which is consistent with this decision.
2  (Proceedings Concluded)
3
4
5  I certify that the foregoing is a correct transcript from
6  the record of proceedings in the above-entitled matter.
7
8
9  Dated:  August 5, 2014                    *Jessica B. Cahill*
                                              AVTranz
10                                            845 N. 3rd Ave.
                                              Phoenix, AZ  85003
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25